JACKSON & VAN PELT *v.* SAMUEL W. MOORE.

The cause which hinders a testator from signing his name when he knows how to sign, must be a physical cause. The existence of such a mental cause as delirium, incapacitates the testator from completing the will.

APPEAL from the District Court of the Parish of Carroll, *Farrar,* J. *Goodrich & DeFrance,* for plaintiff. *Sparrow & Montgomery,* for defendant and appellant.

LAND, J. On the 29th of April, 1857, *Robert A. Armstrong,* of the parish of Carroll, in this State, made his olographic will, in which he instituted as his universal legatee his cousin *Minerva Armstrong,* and appointed as executor thereof the plaintiff, *Edwin C. Jackson.*

On the 14th of January, 1858, *Robert A. Armstrong* made a second will by private act in the nuncupative form, in which he bequeathed to his cousin, *Minerva Armstrong,* the greater part of his estate, and the remainder to the defendant and other legatees, and also appointed therein his friend, *Edwin C. Jackson,* his executor.

These wills were both probated in the District Court of the parish of Carroll. The executor refused to act, under the will of the 14th of January, 1858; and the defendant, a legatee under it, applied to be appointed dative testamentary executor.

The application was opposed by the executor, *Edwin C. Jackson,* and *Henry Van Pelt,* the attorney-in-fact of *Minerva Armstrong ;* and the question presented for decision is, whether the will of the 14th of January, 1858, is valid.

The plaintiffs allege two principal causes for nullity.

First. That the formalities prescribed by law were not complied with, and particularly, the will was not signed by the testator.

Secondly. That the testator was not of a sound and disposing mind and memory, at the time the will was read to him, and signed by the witnesses.

The testimony shows, that the testator was *in extremis,* when the will was read to him for the purpose of being executed, and that he did not sign it.

The causes that hindered the testator from signing are stated by the witnesses to have been weakness and delirium. There is however a conflict in the testimony, as to the condition of the testator's mind, when the will was read to him.

The testimony of *Dr. Gaddis,* the attending physician, who wrote the will, and was one of the subscribing witnesses, shows that the mind of the testator was wandering and delirious, at the time of the reading, and he deposes that the testator was prevented from signing by weakness and delirium.

The cause which hinders a testator from signing his name, when he knows how to sign, must be a physical cause, and not mental, such as delirium or insanity. The existence of such a mental cause, at the time of reading, incapacitates the testator from completing his will. C. C. 1461, 1572, 1575, 1588.

The judgment of the lower court declares the will of the 14th of January, 1848, null and void, and we think it sufficiently sustained by the evidence.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.